```
Cyrus A. Tabari  SB#133842
Julie Grebel-Gavery, SB#200743
SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN
A Professional Corporation
1033 Willow Street
San Jose, California  95125
Tel:  (408) 288-9700
Fax: (408) 350-1432

Attorneys for Defendant
DIGNITY HEALTH and SAINT FRANCIS MEMORIAL HOSPITAL
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,<br><br>                    Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH dba ST. FRANCIS MEMORIAL HOSPITAL; CLEMENT JONES, M.D.; M. DAVID COHEN, M.D. and Does 1 to 100, inclusive,<br><br>                    Defendants. | Case No. 3:15-cv-03818-HSG<br><br>DEFENDANT DIGNITY HEALTH DBA SAINT FRANCIS MEMORIAL HOSPITAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Date:    July 28, 2016<br>Time:    2:00 p.m.<br>Courtroom: 15, 18th Floor |

**I. INTRODUCTION**

This is a companion action to a state court case filed by the heirs of Dwayne Washington. Mr. Washington was a longshoreman who was injured while working at the Port of Oakland. He subsequently had surgery at Saint Francis Memorial Hospital to address the injuries he sustained. His surgeon was Dr. Jones, and Dr. Cohen was also involved in his care. Mr. Washington died at Saint Francis Memorial Hospital as a result of complications that occurred related to his surgery.

The heirs of Mr. Washington, Deahnna Washington and Davion Hernton, filed a state court action for wrongful death against Marine Terminals Corporation. Marine Terminals then cross-complained against Dignity Health dba Saint Francis Memorial Hospital, as well as Dr. Jones and Dr. Cohen. The plaintiffs in the state court action then added the three medical defendants as

defendants in the wrongful death claim, as well.

The present federal action was subsequently filed by Signal Mutual Indemnity Association, Ltd. The plaintiff in this action is represented by the same law firm that represented the heirs in the state court wrongful death claim. The state court action settled between the heirs and Marine Terminals Corporation, plaintiffs in the state court action dismissed the medical defendants, and then the Cross-Complaint was also subsequently dismissed.

## II.  PROCEDURAL HISTORY

The defendants to this action responded to the plaintiff's Complaint by jointly filing a Rule 12(b) Motion to Dismiss, and a companion Motion to Stay. Both motions were fully briefed and set for hearing on January 14, 2016. After hearing oral argument, the Court took the matter under submission. A ruling has not yet been made on these motions.

As noted earlier the companion civil case has since settled.

In filing the motion, plaintiff states:

> "Signal seeks to amend its Complaint for greater clarity regarding each cause of action as part of the same transaction and occurrence of those facts which give rise to the causes of action for indemnity and negligence." (Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint, 3:13-15).

Plaintiff's original Complaint was filed August 20, 2015. The Complaint asserts two causes of action: negligence, and implied equitable indemnity and subrogation. The proposed Amended Complaint contains four causes of action: negligence, breach of contract, implied contractual indemnity, and equitable indemnity. The proposed Amended Complaint also provides facts not included in the original Complaint that detail communications between Dr. Jones and Lamorte Burns & Company, Inc. regarding the surgery on the decedent. These facts were not alleged in the original Complaint.

## III.  THE MOTION TO AMEND SHOULD BE DENIED

Plaintiff's motion to amend is proceeding in accordance with Federal Rule of Civil Procedure, Rule 15(a)(2), which states:

> "In all other cases, a party may amend it's pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires."

As previously noted, in the motion plaintiff claims that the reason it is seeking an amendment is to provide "greater clarity regarding each cause of action ...".  However, the Amended Complaint adds causes of action which were not included in the original Complaint, and seems to be an effort to somehow preempt the arguments made by the defendants in the Rule 12(b) Motion that was brought before the Court, which is still pending.  As the Court will recall, in the Rule 12(b) Motion, one of the issues raised was whether the decision in *Federal Marine Terminals v. Burnside Shipping*, 394 U.S. 404 (1969) applied to this action.  It would appear the attempt to add breach of contract claims in the new proposed Complaint is designed by plaintiff to get around the question of whether the *Burnside* decision applies to the facts of this case.

On the merits, while a breach of contract claims are asserted against all three defendants, the facts alleged only reflect communications between an independent adjuster for the plaintiff, and Dr. Jones.  There are no alleged contracts between plaintiff and Dignity Health dba Saint Francis Memorial Hospital, nor are the specific terms of any of the alleged contracts provided in the Complaint.  While these issues could all be raised in a Rule 12 (b) motion, whether the interests of justice are met by this amendment is an issue to be reviewed by the Court, and given the inadequacy of the proposed Complaint, it is submitted that plaintiff has failed to show the interests of justice require that Court exercise the liberality that is otherwise provided for in considering motions to amend.

**IV.   THE MOTION TO AMEND SHOULD BE DENIED PENDING THE COURT'S RULING ON THE RULE 12(B) MOTION.**

The defendants' Motion to Dismiss brought under Rule 12(b) of the Federal Rules of Civil Procedure is still pending.  If the Court grants the motion, it may be that the Court would allow plaintiff to amend the Complaint at that time, or it may be that the Court decides not to allow any further amendment to the Complaint, and dismisses the action.  Until the Court has reached a decision on the pending motion, the plaintiff's current motion to amend is premature.  Indeed, while the plaintiff attempts to add new causes of action, none of them address the problems raised in the initial Rule 12(b) Motion.  In this regard, in the case *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730 (2002 7th Cir.), the District Court denied a motion to amend and granted a Rule 12(b) Motion to

Dismiss. While the 7th Circuit remanded for further proceedings, with regard to the denial of the motion to amend, the Court affirmed, and said the following:

> "'Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires' [citation omitted]. However, this right is not absolute, and we think that the District Court was on solid ground in refusing permission to make this particular amendment. Count Two of 188's Second Amended Complaint did not state a new claim; rather, as the District Court held, Count Two was simply an additional argument supporting 188's breach of contract claim under Count One. [citation omitted]. The District Court acted within its' discretion in denying 188 leave to amend its Complaint to add Count Two." (*Id*. at P. 739)

Here, the breach of contract claim is a state court claim which does not give rise to federal jurisdiction, and does not raise a federal question. The same issues that were presented by way of the Rule 12(b) Motion still persist, and the effort to amend the Complaint to somehow get around the Rule 12(b) Motion by seeking to file this amended pleading do not exist. Accordingly, the motion should be denied.

## V. CONCLUSION

Based on the foregoing reasons, it is respectfully requested that the Court deny to motion to amend.

Dated: May 31, 2016                    SHEUERMAN, MARTINI, TABARI,
                                       ZENERE & GARVIN

                                       /s/
                                       CYRUS A. TABARI
                                       Attorney for Defendant
                                       DIGNITY HEALTH and SAINT FRANCIS
                                       MEMORIAL HOSPITAL