UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DIGNITY HEALTH, et al., <br><br> Defendants. | Case No. 15-cv-03818-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 13 |

Plaintiff Signal Mutual Indemnity Association, Ltd. is a group self-insurer that secures and discharges its members' liabilities under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Defendants include Dignity Health St. Francis Memorial Hospital, Dr. Clement Jones, and Dr. David Cohen.

Pending before the Court is Defendants' motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e). Dkt. No. 13. After reviewing the materials submitted by the parties, hearing oral argument, and considering the issues raised in both, the Court GRANTS Defendants' motion with leave to amend.

## I.  BACKGROUND

Decedent Dwayne Washington was a longshoreman employee at the Port of Oakland working for Total Terminals International, Inc. Dkt. No. 1, ¶ 9. In August 2012, decedent suffered a work-related injury while operating a sidepick. *Id.* at ¶ 10. Plaintiff is Total Terminal International's insurer; pursuant to the LHWCA,[1] Plaintiff has been paying worker's compensation benefits to decedent since his injury. *Id.* at ¶ 11. In May 2014, decedent had disc-

---

[1] The LHWCA establishes a detailed and comprehensive workers' compensation scheme for land-based maritime employees. "Irrespective of fault as a cause for the injury," the LHWCA requires every employer to compensate an employee for medical services, 33 U.S.C. § 907, disability, 33 U.S.C. § 908, and death, 33 U.S.C. § 909, for injuries arising during the course of employment. 33 U.S.C. § 904; *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1541 (9th Cir. 1991).

1  replacement surgery at Defendant Dignity Health Hospital; Defendant Dr. Cohen performed the
2  surgery and Defendants Dr. Cohen, Dr. Jones, and hospital staff performed the post-operative care.
3  *Id.* at ¶¶ 12-14.  On the third post-operative day, decedent died.  *Id.* at ¶ 15.  The complaint alleges
4  that "preventable medical error" was the cause of death.  *Id.* at ¶ 17.

5  Following the injury, decedent filed a state court action against Marine Terminal
6  Corporation (the owner of the sidepick) for its alleged negligence in causing the injury.  After his
7  death, decedent's heirs amended the state action to include medical malpractice and wrongful
8  death against MTC and the defendant health care providers.

9  Plaintiff filed this lawsuit in federal court against Defendants on August 20, 2015.  The
10  complaint alleges that "[b]ut for the negligence and conduct of Defendants, . . . Plaintiff would not
11  have been required to pay compensation to Decedent's heirs, pursuant to the terms of the
12  LHWCA."  *Id.* at ¶ 18.  The complaint alleges two causes of action: (1) negligence, and (2)
13  implied equitable indemnity and subrogation.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  "The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint.  As the party invoking the jurisdiction, the Plaintiff bears the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."  *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are

insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).

### C. Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response." *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (internal quotation marks omitted). "[T]he motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.*

### III. ANALYSIS

For the reasons stated below, the Court grants Defendants' motion with leave to amend. Plaintiff's amended complaint should identify a basis for jurisdiction and delineate the causes of action and basis in law for each, so that the Court and Defendants are notified of the specific legal claims and theories in the case.

#### A. The complaint does not establish a basis for subject-matter jurisdiction.

##### 1. Diversity Jurisdiction

Plaintiff has the burden to establish complete diversity; that is, that the parties are citizens of different states. *See* 28 U.S.C. § 1332; *Fenton v. Freedman*, 748 F.2d 1358, 1361 n.1 (9th Cir. 1984). As a corporation, Plaintiff is deemed to be a citizen both of the state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). "Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

Although the complaint alleges Plaintiff is incorporated in Bermuda, it fails to identify a principal place of business. Because this is a facial attack of the complaint, the Court must rely on the four corners of the complaint in assessing whether to exercise diversity jurisdiction. *See Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)."). In the absence of the identification of a principal place of business in the complaint, the Court cannot assess whether there is complete diversity. Thus, this case cannot proceed on diversity jurisdiction at this time.

##### 2. Admiralty Jurisdiction

Plaintiff maintains that this Court has admiralty jurisdiction under 28 U.S.C. § 1333. The Court disagrees.

Section 1333 provides that "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

"[M]aritime law governs only those torts occurring on the navigable waters of the United

States." *Exec. Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 254 (1972). Accidents on land, including piers and docks, cannot proceed under maritime law. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 206-07 (1971). For example, *Victory Carriers* held that the case was not suited for maritime jurisdiction because the employee "was not injured by equipment that was part of the ship's usual gear or that was stored on board, the equipment that injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gangplank." *Id.* at 213-14.

The Supreme Court in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.* identified a two-part test that a party must satisfy to invoke admiralty jurisdiction over a tort claim. 513 U.S. 527, 534 (1995). The first requirement, for location, is met if the tort occurred on navigable water or if an injury suffered on land was caused by a vessel on navigable water. *Id.* The second requirement, testing the claim's connection to maritime activity, has two parts. First, the Court examines the "general features of the type of incident involved, to determine whether the incident has a potentially disruptive impact on maritime commerce." *Id.* (citation and internal quotation marks omitted). Second, the Court determines "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* (citation and internal quotation marks omitted). *Jerome*'s holding was based on the Admiralty Extension Act, which held that

> The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land.

46 U.S.C. § 30101.

The complaint and Plaintiff's opposition fail to provide an explanation for why maritime jurisdiction is appropriate here. The Court's research indicates that there is no basis for maritime jurisdiction and that Plaintiff cannot satisfy *Jerome*'s two-prong test. *See McCullum v. United Int'l Corp.*, 493 F.2d 501, 501 (9th Cir. 1974) (per curiam) ("Federal admiralty jurisdiction (28 U.S.C. § 1333; 46 U.S.C. § 740) does not extend to injuries to stevedores on the pier caused by faulty or improperly operated pier-based equipment."); *Huser v. Santa Fe Pomeroy, Inc.*, 513 F.2d

1298, 1299 (9th Cir. 1975) ("We interpret *Victory Carriers* as standing for the general proposition that admiralty jurisdiction is lacking when a longshoreman is injured while he is working on a pier and his injuries are caused exclusively by pierside equipment."); *Victory Carriers*, 404 U.S. at 204 (holding that maritime law did not govern an accident "suffered by a longshoreman who [was] injured on the dock by allegedly defective equipment owned and operated by his stevedore employer"); *see also Ferguson v. Horizon Lines, LLC*, 602 F. App'x 664, 665 (9th Cir. 2015) (unpublished) (holding that because the assault took place at an entry gate facility at the Port of Oakland, the tort was not within the court's maritime jurisdiction); *Whitcombe v. Stevedoring Servs. of Am.*, 2 F.3d 312, 315 (9th Cir. 1993) (holding that state law, not admiralty law, applied to terminal operator's damage of cargo in a container on land, even though the "container was stored in anticipation of eventual shipment by sea").

Given that the allegations in the complaint fail to establish how the tort claims—both the sidepick malfunction and Defendants' alleged negligence at the hospital—could satisfy the locality test, maritime jurisdiction does not apply.

### B. The Complaint fails to state a claim.

#### 1. First Cause of Action: Negligence

The Court grants the motion to dismiss the negligence cause of action on two bases. First, the Court is unable to determine from the complaint whether the asserted cause of action is timely. Defendant contends that Plaintiff asserts the negligence claim under California Code of Civil Procedure § 340.5, which has a one year statute of limitations,[2] and argues that because the decedent died on May 26, 2014 and the complaint was not filed until August 20, 2015, the complaint is untimely.

The Court finds Plaintiff's response to Defendants' statute of limitations argument unavailing. Plaintiff argues that the statute of limitations for all maritime torts is three years. *See* 46 U.S.C.A. § 30106. To be able to assess the validity of Plaintiff's argument, the Court needs to

---

[2] "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Civ. Proc. Code § 340.5.

6

determine the basis for the Court's jurisdiction over the subject matter: diversity or maritime jurisdiction. "This is so because a federal court sitting in diversity applies the choice-of-law rules of the forum state, *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941), whereas a federal court sitting in admiralty must apply federal maritime choice-of-law rules." *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 670 (9th Cir. 1997). As discussed *supra*, there is no basis from this complaint to establish maritime jurisdiction, and thus, the Court cannot find the complaint is timely under maritime law.

Plaintiff further argues that if the California professional negligence statute applies, there is a basis for tolling, because each Defendant was timely served with Plaintiff's notice of intent to sue on May 22, 2015. Section 340.5 provides that

> In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

§ 340.5. None of the bases for tolling listed in § 340.5 appear to apply here. Moreover, while a timely notice to sue letter may extend the statute of limitations period by 90 days, *see* Cal. Civ. Proc. Code § 364, there is nothing on the face of the complaint to suggest that such a letter exists here. *See Ilaw v. Daughters of Charity Health Sys.*, No. 11-CV-02752-LHK, 2012 WL 381240, at *8 n.4 (N.D. Cal. Feb. 6, 2012) ("Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6)."). The single sentence in the complaint, that "[e]ach defendant was served with timely notice of Plaintiff's intent to sue" is inadequate. *See* Dkt. No. 1, ¶ 19.

Second, construing the cause of action as a California professional negligence claim, Defendants argue that Plaintiff "has alleged no facts to suggest it is entitled to assert a claim for wrongful death, in its own right, based upon the alleged professional malpractice against the defendant doctors." Dkt. No. at 13 at 15. The Court agrees that Plaintiff's standing to assert a negligence claim on behalf of decedent is unclear from the complaint. In its amended complaint, Plaintiff should identify the basis for a negligence cause of action and the source of the duty that

7

Defendants owed Plaintiff.

### 2. Second Cause of Action: Indemnity and Subrogation

Defendants contend that to the extent the second cause of action is based on 33 U.S.C. § 933, Plaintiff has failed to allege sufficient facts to state a cause of action. Dkt. No. 13 at 17. Relatedly, Defendants argue that the second cause of action is so vague and ambiguous that the Defendants cannot reasonably prepare a response and that the motion to dismiss as to the second cause of action should be granted under Rule 12(e). *Id.* at 19-20.

The Court agrees. The second cause of action, titled "Implied Equitable Indemnity and Subrogation," alleges the following:

> 25. Plaintiff was required to pay worker's compensation and death/disability payments to Decedent's heirs and all medical expenses pursuant to the terms of the LHWCA. Defendants must reimburse all such payments legally caused by the foreseeable negligence of Defendants, and each of them.
>
> 26. Defendants' negligence, as described above, was a substantial factor and legal cause of Decedent's death.
>
> 27. Pursuant to 33 U.S.C. § 933 of the LHWCA, Plaintiff, as the insurance carrier, is subrogated to all the rights of the employer, which is an assignee of LHWCA Claimants cause of action for the wrongful death of Decedent. The Medical Injury Compensation Reform Act (MICRA) limits claimants damages and allows credit for compensation benefits Claimants receive. MICRA does not limit Decedent's recovery pursuant to LHWCA, therefore Plaintiff seeks to recover its implied equitable lien for all damages herein above alleged.

Dkt. No. 1 at 6.

The LHWCA expressly provides subrogation rights to a carrier.[3] Where an insurer makes compensation payments on behalf of an employer, the insurer's rights become subrogated to the employer's rights under § 933(h). Accordingly, a statutory subrogation places the employer and insurer in the exact same position. *See Peters v. N. River Ins. Co. of Morristown, N.J.*, 764 F.2d 306, 309 n.1 (5th Cir. 1985). Separately, the Supreme Court recognized in *Fed. Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 422 (1969), that the employer's remedies

---

[3] "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section." 33 U.S.C. § 933.

8

against third parties are not limited to the LHWCA and that an employer can have an independent cause of action against an insurer. *See*, *e.g.*, *Dodge v. Mitsui Shintaku Ginko K.K. Tokyo*, 528 F.2d 669, 674 (9th Cir. 1975) ("[W]e think that the intent and scheme of the Act requires that the employer's right to subrogation for compensation payments made in the circumstances here shown be recognized wholly apart from and without regard for the assignment provided for in Sec. 33(b) of the Act." (internal quotation marks omitted)).

The Court finds that the allegations in the complaint do not provide Defendants with a basis to respond to the pleadings.[4] The complaint does not properly notify the Defendants of the legal basis for an indemnity and/or subrogation claim. As with the negligence cause of action, the complaint fails to provide the clarity the Court needs to resolve the relevant legal issues. Because the Court cannot decipher whether Plaintiff is asserting a subrogation claim under the LHWCA or as an independent cause of action, Defendants' motion to dismiss the second cause of action under Rules 12(b)(6) and 12(e) is granted.

## IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss the complaint is GRANTED with leave to amend. Dkt. No. 13. Plaintiff may file an amended complaint no later than August 15, 2016. The Court holds the motion to stay, Dkt. No. 10, in abeyance pending the filing of an amended complaint and any renewed motion to dismiss. Any renewed motion to dismiss should address the import of Notice of Settlement of State Court Action, Dkt. No. 29.

In light of this order, the Court denies Plaintiff's pending motion for leave to file a first amended complaint as moot, Dkt. No. 30, and vacates the hearing scheduled for July 28, 2016.

**IT IS SO ORDERED.**

Dated: 7/19/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Although Plaintiff's opposition states "Signal is not bringing a separate cause of action for subrogation under the LHWCA to bring a negligence claim on behalf of Mr. Washington," paragraph 27 of the complaint says otherwise.